UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER LANGEE,

    Plaintiff,

vs.                                                         Case No.: 8:08-CV-00406-EAK-EAJ

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, A FOREIGN
CORPORATION,

    Defendant.

_____/

## ORDER ON MOTION TO JOIN ADDITIONAL PARTY DEFENDANT AND TO FILE AMENDED COMPLAINT AND FOR REMAND

This cause comes before the Court pursuant to Plaintiff, Christopher Langee's, Motion for Leave to Join Additional Party Defendant and to File Amended Complaint and for Remand, filed on March 21, 2008 (Dkt. 7) and Defendant, State Farm Mutual Automobile Insurance Company's, Memorandum in Opposition to Plaintiff's Motion for Leave to Join Additional Party Defendant and to File Amended Complaint and for Remand, filed on April 4, 2008 (Dkt. 8). For the reasons set forth below, Plaintiff's Motion for Leave to Join Additional Party Defendant and to File Amended Complaint and for Remand is granted.

### BACKGROUND

Plaintiff initially filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on January 16, 2008, asserting claims of Uninsured/Underinsured Motorist Benefits, Bad Faith for failure to pay underinsured/uninsured

1

policy limits of $100,000.00/$300,000.00 (non-stacking), and Punitive Damages (Dkt. 2). Defendant answered the complaint and filed its affirmative defenses and motion to dismiss. Defendant filed a notice of removal on February 28, 2008 (Dkt. 1). The amount in controversy exceeded the jurisdictional threshold amount of $75,000.00. Defendant filed an Affidavit in Support of Removal, indicating that diversity of citizenship exists, thereby enabling removal of the case to federal court.

There is no dispute as to the amount in controversy. The issue in dispute is whether Plaintiff may be permitted to join Scott Lee Robinson, a non-diverse defendant, to this action, and, if so, whether the case should be remanded back to state court.

## STANDARD OF REVIEW

The Plaintiff is the master of his complaint and is free to choose federal or state jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, removal of a civil case from state to federal jurisdiction can be effected by the defendant pursuant to 28 U.S.C. § 1441. The defendant seeking removal bears the burden of proving that a federal district court has jurisdiction. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). A federal district court must remand to state court any case which lacks necessary jurisdiction or that was removed improperly. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

## DISCUSSION

### Joinder of Non-Diverse Defendant, Scott Lee Robinson

The subject matter jurisdiction of this Court includes "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and is based on diversity of citizenship. 28 U.S.C. § 1332(a). This Court has independently assured itself that such amount in controversy exists. Therefore, to continue to hold jurisdiction, the question remains whether the joinder of Scott Lee Robinson, a non-diverse defendant, is permissible. The proper procedure for challenging removal to federal court is a motion to remand.

The statute governing procedure after removal of an action from state court provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). In determining whether the district court should allow a plaintiff to amend a complaint to add a non-diverse defendant after removal, this Court has previously held that the following factors shall be considered: (1) The extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) Whether plaintiff has been dilatory in asking for the amendment; (3) Whether plaintiff will be significantly injured if amendment is not allowed; and (4) Any other factors bearing on the equities. *Espat v. Espat*, 56 F.Supp.2d 1377 (M.D. Fla. 1999). An analysis of these factors leads to the conclusion that joinder of the non-diverse defendant in this case is appropriate and that the matter should be remanded to state court.

## A. The Extent to which the Purpose of the Amendment is to Defeat Federal Jurisdiction

The first factor, the extent to which the purpose of the amendment is to defeat federal jurisdiction, weighs in favor of Christopher Langee. State Farm asserts that Langee first sought to include Mr. Robinson only after removal to federal court and that their purpose of joining a non-diverse defendant is solely to defeat diversity jurisdiction. However, there are other factors that serve as reasons as to why Langee would want to amend its complaint to add the tortfeasor, Mr. Robinson, as a party to this action.

State Farm asserts that Mr. Robinson is not a necessary party to this action in order for Langee to recover, claiming that the determination as to Mr. Robinson's negligence may be accomplished by the taking of his deposition as a non-party witness to this case. However, State Farm, in its Answer, expressly places Mr. Robinson's perceived negligence at issue in this case. Therefore, this is a factual determination that must go to the jury for deciding, and may not be accomplished through the taking of a deposition. Additionally, Mr. Robinson may be a necessary party to this action should the uninsured/underinsured policy require the tortfeasor be named as an additional defendant. Because State Farm has failed to respond to Langee's discovery requests for a copy of this policy to rule out this issue, the existence of such policy language is an uncertainty that must be resolved to favor remand of this case.

State Farm relies on several cases where a plaintiff's motion to amend their complaint to add a non-diverse defendant was denied where its sole purpose was to defeat diversity jurisdiction (Dkt. 8). However, these cases are distinguishable from the facts here. Due to the short amount of time that elapsed between plaintiff's filing of his complaint and defendant's

4

removal of this action, any argument by State Farm with respect to time fails. State Farm filed its removal only seven days after filing its answer, where State Farm denies the tortfeasor's involvement in this action. It was only at this time where State Farm created an issue regarding the tortfeasor's negligence, making Mr. Robinson an indispensable party to the action for UM benefits, for the showing of negligence is essential to recovery under such a policy.

### B. Whether the Plaintiff was Dilatory in Asking for the Amendment

The second factor, whether the plaintiff was dilatory in asking for the amendment, also weighs in favor of Langee, although not strongly. State Farm argues that Langee's knowledge of Mr. Robinson long before filing their motion (nearly two years) makes it dilatory. State Farm cites to *Vazquez v. Lowe's Home Centers, Inc.*, where plaintiffs' motions to amend and to remand were denied due to their knowledge of the non-diverse defendant at the time the incident occurred and that plaintiffs only sought to add the non-diverse defendants after defendant removed the case to federal court, for it strongly indicated the purpose of the amendment was to defeat federal jurisdiction. No. 8:06-CV-1885-T27TMB, 2007 WL 128823 (M.D. Fla. Jan. 12, 2007). The facts of this case are distinguishable from *Vazquez*. In *Vazquez*, there was no evidence that joinder of the alleged employees of the defendant were necessary in order to maintain a cause of action against defendant for negligence. Here, however, State Farm's UM policy may require that the alleged tortfeasor be named as a co-defendant. Denial of joinder would prejudice the Plaintiffs, since the policy may contain the provision that a suit cannot be maintained against State Farm without joining the uninsured motorist as a named defendant. *See Snyder v. State Farm Mutual Automobile Ins. Co.*, 2007 WL 1271159 (W.D.Wash. April 30, 2007). Because Langee was not informed until seven days prior to removal of this action that

State Farm would be questioning the tortfeasor's alleged negligence, they may not have had proper time to amend their complaint in state court to include this non-diverse defendant. To date, if State Farm had responded to Langee's request for production regarding a copy of the insurance policy, and, if it were to be found that the UM policy did not require the alleged tortfeasor to be named in such an action, this Court might be inclined to find in favor of State Farm. However, State Farm has not yet produced such policy to prove otherwise, nor did State Farm deny this allegation in its Response to Langee's Motion for Remand. Therefore, this Court is unable to conclude that Langee was dilatory in their attempt to join Mr. Robinson to this action.

Furthermore, Langee has informed this Court that only the initial discovery requests served with the complaint have been submitted. State Farm has not filed its answers nor has State Farm submitted any discovery to Langee. Additionally, no depositions have been set nor taken. This lawsuit still lies in its beginning stages. This, combined with the fact that State Farm did not deny in its motion the need to join the alleged tortfeasor, make their claim regarding Langee's delay in joining the non-diverse defendant fail.

### C. Injury to Plaintiff if Motion is Denied

The third factor, whether the plaintiff will be injured if the motion is denied, weighs in favor of granting Langee's motion. State Farm argues that Mr. Robinson is not an indispensable and necessary party and that Mr. Robinson's negligence can be litigated without adding him as a party to this action. However, this would require Langee to file a separate action against Mr. Robinson in state court, resulting in prosecuting his case in both state and federal courts. This Court finds that Mr. Robinson is an "indispensable" party. State Farm has placed Mr.

Robinson's alleged negligence at issue here by denying his involvement in the accident. If Langee is unable to prove that Mr. Robinson's negligence caused his injuries and that Mr. Robinson was uninsured at the time of the accident, then Langee's claim for benefits under its uninsured motorist policy will fail. In order to sustain its action for UM benefits, Langee must prove that there was a tortfeasor, that the tortfeasor was negligent, and that the tortfeasor was uninsured or underinsured.

### D. Other Factors Bearing on the Equities

The fourth factor, any other factors bearing on the equities, favor granting Langee's motion to amend. All of the issues in this case involve Florida law. Additionally, Langee will have to file a separate suit in state court to prove Mr. Robinson's negligence, should he be prevented from joining Mr. Robinson to this action..

### Motion to File Amended Complaint

"[A] party may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.Pro. 15(a). When joinder of a defendant will destroy diversity jurisdiction, the Court must give greater scrutiny to the motion for leave to amend. *Espat*, 56 F.Supp.2d at 1382. Accordingly, consistent with the analysis outlined above, this Court determines that justice requires Langee be given leave to amend its complaint to join Scott Lee Robinson, a non-diverse defendant, as a party to this action.

### CONCLUSION

For the forgoing reasons, Langee's Motion for Leave to Join Additional Party Defendant and to File Amended Complaint to add Scott Lee Robinson, a non-diverse defendant as a party to

7

this action will be granted. The addition of Mr. Robinson as a defendant will defeat diversity jurisdiction. Case Number 8:08-CV-00406-EAK-EAJ will therefore be remanded to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

ORDERED that the Plaintiff's Motion for Leave to Join Additional Party Defendant and to File Amended Complaint and for Remand (Dkt. 7) be GRANTED and the Clerk of Court is directed on the filing of the amended complaint naming Mr. Robinson as a defendant, to remand this case to state court, to close the file, and terminate any pending motions..

DONE AND ORDERED in Chambers at Tampa, Florida this 8th day of July, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

8